## Commonwealth v. Land

*James G. Morgan, Jr.*, Deputy District Attorney, for Commonwealth.

*Bruce Henry Land, p.p.*, for defendant.

WICKERSHAM, J., October 4, 1972.—Defendant Bruce Henry Land has filed a petition pro se to dismiss all detainers, warrants or charges lodged and pending against him in Dauphin County, Pa., alleging that, inter alia, his rights have been violated by being

denied a fair and speedy trial "as guaranteed by the United States Constitution." [1]

Defendant in his petition further states that he is in Federal custody "serving a term of imprisonment in the Federal Reformatory at El Reno, Oklahoma." He alleges further the he has been in such Federal custody since August 14, 1968, and that a detainer has been lodged against him since February 5, 1970, out of Dauphin County, Pa. [2]

As was said in Commonwealth v. Bell, 442 Pa. 566 (1971), opinion by Mr. Justice Roberts:

"We are here called upon to determine whether Section 2 of the act providing for the mandatory disposition of detainers lodged against persons imprisoned in any state, county or municipal penal or correctional institution, [1] commonly known as the

---

[1] The petition referred to was sworn and subscribed to at El Reno, Oklahoma, August 7, 1972, and filed in the Clerk of Court's Office of Dauphin County, August 24, 1972 service accepted by the District Attorney's Office of Dauphin County August 29, 1972. The Commonwealth filed an answer thereto September 1, 1972.

[2] In its answer to the petition filed by defendant, the Commonwealth alleges that it had never received any notice of defendant's place of imprisonment nor any request for final disposition of his case up to the time of the filing and receipt of the petition aforementioned.

"[1] Act of June 28, 1957, P. L. 428, 19 PS §881 et seq. This statute is not unique to Pennsylvania. It is akin to the Uniform Mandatory Disposition of Detainers Act which has been adopted by at least three States, Kansas, Massachusetts and Missouri. Also, similar legislation exists in California, Connecticut, Florida, Michigan, New York, North Carolina and Oregon. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, Commentary, Section 2.2 generally n. 2 (approved draft 1968). The 1957 statute placed Pennsylvania in harmony with the more recent recommended procedures for protecting the right to speedy trial in a situation where a person serving a term of imprisonment has outstanding charges against him. See Standards Relating to Speedy Trial, supra, sec. 3.1."

'180 day rule', is self-executing. Section 2 [2] provides that if the 'action' is not brought to trial within the 180 days required by Section 1, [3] the indictment shall be dismissed. We hold that Section 2 operates automatically. The statutory language clearly mandates that after the expiration of the 180-day period, '. . . no court of this state shall any longer have jurisdiction [over the case] . . . , nor shall the untried indictment be of any further force or effect . . .' [4] "

The pertinent factual background is as follows: On September 16, 1968, four men escaped from the Northumberland County Prison, taking with them an automobile, two revolvers, several pairs of handcuffs, various documents and cash in the amount of approximately $1,500. The four men then proceeded to

---

"[2] The complete text of Section 2 is as follows: 'In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.' "

"[3] Section 1 provides in relevant part: '(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the continuance of the term of imprisonment there is pending in this Commonwealth any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. . .' "

"[4] See note 2, supra."

the home of Mrs. Bertha Witmer, R. D. No. 1, Millersburg, Dauphin County, where three men pushed their way into her home after she answered the door bell. At gunpoint, Mrs. Witmer was forced to turn over the keys to her car. She was then taken into the den and handcuffed to a chair. The men then ripped out the telephone and ransacked her home, taking approximately $6,000 in cash, a rifle and several boxes of ammunition. Later the same day, in nearby Reed Township, the Pennsylvania State Police received a report relative to the theft of a pickup truck. In attempting to stop this vehicle, a gun battle ensued and the vehicle was involved in an accident at which time the police arrested two men, including petitioner in this case, Bruce Henry Land. Two days later, petitioner Land was released into the custody of a United States Deputy Marshal for the purpose of appearing in Newark, N. J., on charges of bank robbery.

On November 12, 1968, and January 8, 1969, the Sheriff of Dauphin County issued detainers to the United States Marshal in Newark, N. J., on the charges pending in Dauphin County. [3] In May of 1970, Robert L. Carr and Michael L. Clark were convicted of larceny of Mrs. Witmer's automobile and aggravated robbery in this Court. A fourth alleged participant, Henry B. Sheeley, has not been tried to this date on similar charges.

It is, of course, true, as petitioner contends, that he has not been brought to trial within the period of time

---

[3] Charges pending in Dauphin County to O. & T. September session, 1968, no. 25, aggravated robbery; September sessions, 1968, no. 409, aggravated robbery; September sessions, 1968, no. 192, resisting arrest; September sessions, 1968, no. 193, assault with intent to murder; September sessions, 1968, no. 194, use of a firearm in a crime of violence; September sessions, 1968, no. 195, assault by prisoner.

provided within the aforementioned statute; however, petitioner has not heretofore complied with section 1 of the statute which expressly provides that the prisoner must cause to be delivered to the district attorney of the county in which the indictment is pending and the appropriate court written notice of his place of imprisonment and his request for final disposition to be made of the indictments. Since no such request was made prior to the filing of the present petition, the 180-day period had not yet begun to run. We shall treat, however, the instant petition for writ of habeas corpus filed by Bruce Henry Land as notice to the District Attorney of Dauphin County that a final disposition be made of the indictments pending against petitioner and direct that said indictments be disposed of within 180 days of the date of August 24, 1972, the date the petition was filed in the Clerk of Court's Office of Dauphin County, Pa. [4]

## ORDER

And now, this October 4, 1972, the petition for a writ of habeas corpus is dismissed and the District Attorney of Dauphin County is directed to dispose of all pending indictments against petitioner Bruce Henry Land within 180 days from August 24, 1972.

---

[4] See also Commonwealth v. Klimek, 416 Pa. 434 (1965), wherein defendant Klimek filed a written request for disposition of the indictments pending against him pursuant to the provisions of the Act of June 28, 1957, supra, and the district attorney failed to call the indictments for trial resulting in dismissal of the same by the Pennsylvania Supreme Court.