Commonwealth *v.* Klimek, Appellant.

Argued October 7, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 4, 1965.

*Michael Hahalyak,* for appellant.

*Louis Abromson,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 5, 1965:

On September 10, 1963, Stanley Klimek, the appellant, and one Lawrence Stevenson were jointly indicted on charges of murder, voluntary manslaughter and burglary, which allegedly occurred on November 11, 1959. As of the date of the indictments, Klimek was incarcerated in a state correctional institution serving a sentence for burglary.

On November 29, 1963, Klimek filed a written request for disposition of the indictments pending against him pursuant to the provisions of the Act of June 28, 1957, P. L. 428, §1, 19 P.S. §881.[1] The dis-

---

[1] This statute provides in pertinent part: "(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the continuance of the term of imprisonment there is pending in this Commonwealth any untried

trict attorney then fixed March 16, 1964, as the date for trial. At the request of Klimek, the court, on February 28, 1964, entered an order severing the trial of the jointly indicted defendants.

The district attorney elected to try Stevenson first. However, when the indictments against him were called for trial during the March term of 1964, a continuance was granted at Stevenson's request and trial did not proceed until June 1964. On June 1, 1964, Klimek filed a petition in the court below seeking dismissal of the indictments against him on the ground that he had not been brought to trial within the 180 day period required by the Act of 1957, supra. After hearing, the court refused to dismiss the indictments. An appeal from that order is now before us.

Under the circumstances presented, the district attorney was required to bring Klimek to trial within the 180 day period following proper notice of his request for disposition of the indictments, unless the court, for good cause shown, granted a continuance. Klimek never requested a continuance or agreed to a postponement of his trial beyond the statutorily prescribed period. Further, the court never ordered a continuance,

---

indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. . . ."

The Act of June 28, 1957, P. L. 428, §2, 19 P.S. §882 provides: "In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

nor was it requested to do so. The simple truth is that the district attorney, acting on his own, failed to call the indictments for trial. Since the statute was not complied with, the court lost jurisdiction to try the indictments and, under the clear mandate of the statute, the indictments must be dismissed.

The court below equated Klimek's motion for a severance with a motion for a continuance. They are distinctly different in every respect. The request for a severance, properly made under the provisions of the Act of March 31, 1860, P. L. 427, §40, 19 P.S. §785, merely effected the separation of the cases against the two defendants for trial and nothing more. The motion for severance did not request a continuance and the severing order in no way provided for one. The severance, in itself, did not constitute sufficient legal reason for the district attorney's action in delaying the trial beyond the required period.

The court below in refusing dismissal of the indictments, also placed great stress upon the fact that the district attorney did not wilfully delay the trial. This, of course, is not controlling, nor a valid excuse for noncompliance with the provisions of the statute.

Order reversed and record remanded with directions to dismiss the indictments.