Commonwealth *v.* Griffin, Appellant.

Argued April 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

*Stanley W. Greenfield,* for appellant.

OPINION BY JACOBS, J., June 11, 1970:

Appellant in this case was indicted, along with Robert Taylor, on charges of armed robbery, assault

with intent to kill, aggravated assault and battery, and violation of the Uniform Firearms Act. He was tried alone[1] on these charges before Judge STRAUSS and a jury and was found guilty on all charges except assault with intent to kill, which had been previously dismissed by the judge. Motions for new trial were denied.

These charges arose out of the alleged assault and robbery of one David Fingeret. Mr. Fingeret testified that the appellant entered his place of business and struck him and that both appellant and Taylor subsequently beat and robbed him. At one point, according to Mr. Fingeret's testimony, he was able to escape and get help from the police who arrested appellant and Taylor at the scene of the alleged crime. The defense consisted of appellant's and Taylor's testimony to the effect that appellant had accompanied Taylor when Taylor went to Fingeret's place of business to collect a debt, that appellant remained in the car while Taylor went to see Fingeret, and that appellant only went into Fingeret's place of business to stop a fight between the two other men. Both appellant and Taylor testified that there was no intent to rob Fingeret. Taylor's testimony was in the form of a sworn deposition read to the jury due to the fact that he was unavailable for trial.

The issue before us is whether the court's charge regarding Taylor's deposition was improper and, as such, denied appellant a fair trial.[2] The court viewed Taylor's deposition as the testimony of an accomplice[3] and accordingly charged the jury as follows:

---

[1] A severance was obtained as to Taylor who was serving a life sentence on other charges.

[2] Appellant took exception to this portion of the charge at trial.

[3] The test for determining a witness' status as an accomplice is "whether or not he could be indicted and punished for the crime with which the accused is charged." *Commonwealth v. Hopkins*,

"His testimony, if believed, may reveal to you as counsel for the defendant has argued that he was, in fact, an accomplice of the defendant at the time of the alleged crime. You are bound in considering the testimony of an accomplice to scrutinize it most carefully. And you must be well convinced that he told the truth before you would be warranted in accepting the testimony of such a witness, the reason being that the testimony from an accomplice under the law comes from a corrupt source, a man who by his own deposition indicates that he had been convicted of armed robbery on prior occasions and for breaking and entering.

"Nevertheless, after using all the caution in considering the testimony of an accomplice, if you are still of the opinion *beyond a reasonable doubt* that the accomplice told you the truth, then you are entirely warranted in accepting the testimony. In other words, it is a matter for you to determine whether or not you will accept it and what weight you will give to it." (Emphasis added.)

"In determining what weight you give the testimony of such a witness, it is for you to decide whether the testimony was given for some particular reason or motive on the part of Mr. Taylor or whether it was honestly, freely or voluntarily given. While it is usually better to have the testimony of a [sic] accomplice corroborated with reference to material facts, there is no law of the state that would prohibit conviction or acquittal on the uncorroborated testimony of an accomplice, depending on how you choose to value it."

165 Pa. Superior Ct. 561, 564, 69 A. 2d 428, 430 (1949). Where the facts regarding the witness' participation in the crime for which the defendant is on trial lead to different inferences, the question whether or not the witness is an accomplice is for the jury. *Commonwealth v. Sisak*, 436 Pa. 262, 259 A. 2d 428 (1969) ; *Commonwealth v. Brown*, 116 Pa. Superior Ct. 1, 175 A. 748 (1934).

If the court had not used the words "beyond a reasonable doubt" in the above quoted portion of its charge we would find nothing wrong with it. Since the witness could properly be considered an accomplice and had admitted prior convictions of felonies a cautionary charge was proper. The form of such instruction lies within the discretion of the lower court. *Commonwealth v. McKenna*, 206 Pa. Superior Ct. 317, 213 A. 2d 223 (1965). However, we find the requirement that the jurors be convinced beyond a reasonable doubt that the witness told the truth before they could accept his testimony prejudicial error. It set an unwarranted standard for judging the credibility of a defense witness and possibly shifted the burden of proof in the minds of the jurors.

No witness has to be believed beyond a reasonable doubt before his testimony can be accepted. The only test is whether considering all the elements of credibility the witness' testimony has the ring of truth. Which witnesses to believe and the weight to be given their testimony are matters for the jury. *Decker v. Kulesza*, 369 Pa. 259, 85 A. 2d 413 (1952). A witness' credibility may be affected as it was in this case by being an accomplice and by his admission of prior convictions, but those are simply elements of credibility to be considered by the jury. This is clearly pointed out in *Decker*, supra at 265, 85 A. 2d at 415, where the Court approved a charge on credibility by the lower court which concluded with the following language: "You will take all of the surrounding circumstances and determine which witnesses you will believe and what weight you will give to their testimony."

The words "beyond a reasonable doubt" have been used in some charges relative to the testimony of an accomplice. See *Cox v. Commonwealth*, 125 Pa. 94, 17 A. 227 (1889); *Commonwealth v. Ventura*, 166 Pa. Superior Ct. 162, 70 A. 2d 446 (1950); and *Common-*

*wealth v. Viscosky,* 83 Pa. Superior Ct. 96 (1924). However, the words were used only in regard to accomplices testifying for the Commonwealth and in such a manner that they refer to the Commonwealth's burden to convict beyond a reasonable doubt. In each case the criterion was applied to conviction on the testimony of an accomplice standing alone and uncorroborated. Since the accomplice's testimony on certain elements of the crime was the only evidence as to those elements, the jury could not convict unless they were satisfied of the truth of the facts advanced by the accomplice beyond a reasonable doubt. However, there is no burden on the defendant and no justification for requiring that his witness be believed "beyond a reasonable doubt."

Judgment reversed and a new trial granted.

WRIGHT, P. J., would affirm on the opinion of Judge STRAUSS.