## Commonwealth *v.* Bell, Appellant.

Argued November 25, 1970. Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Charles Lowenthal,* for appellant.

*Benjamin H. Levintow,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague, First* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 22, 1971:

We are here called upon to determine whether Section 2 of the act providing for the mandatory disposition of detainers lodged against persons imprisoned in any state, county or municipal penal or correctional institution,[1] commonly known as the "180 day rule", is

---

[1] Act of June 28, 1957, P. L. 428, 19 P.S. §881 et seq. This statute is not unique to Pennsylvania. It is akin to the Uniform Mandatory Disposition of Detainers Act which has been adopted by at least three states, Kansas, Massachusetts and Missouri. Also, similar legislation exists in California, Connecticut, Florida, Michigan, New York, North Carolina and Oregon. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, Commentary, Section 2.2 generally n. 2 (approved draft 1968). The 1957 statute placed Pennsylvania in harmony with the more recent recommended procedures for protecting the right to speedy trial in a situation where a person serving a term of imprisonment has outstanding

self-executing. Section 2[2] provides that if the "action" is not brought to trial within the 180 days required by Section 1,[3] the indictment shall be dismissed. We hold that Section 2 operates automatically. The statutory language clearly mandates that after the expiration of the 180-day period, ". . . no court of this state shall any longer have jurisdiction [over the case] . . ., nor shall the untried indictment be of any further force or effect . . . ."[4]

The pertinent factual background, which is complex, is as follows. In June, 1961, appellant Darryl A. Bell was indicted separately for the murders of Herman Rosenberg and Max Kanal. He pleaded guilty to murder generally on both bills of indictment, and after a hearing before a three-judge court, the degree of guilt was determined to be first degree murder in both cases. The sentence imposed was death. Subsequently, new

---

charges against him. See Standards Relating to Speedy Trial, supra, Section 3.1.

[2] The complete text of Section 2 is as follows: "In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

[3] Section 1 provides in relevant part: "(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the continuance of the term of imprisonment there is pending in this Commonwealth any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. . . ."

[4] See note 2, supra.

trials were granted after a motion was filed challenging the propriety of pleading guilty to two separate murders before the same panel of judges. Appellant was retried on the Rosenberg indictment, and a jury adjudged him guilty of murder in the first degree and fixed the penalty at death.

Appellant is presently incarcerated under sentence of death on the Rosenberg murder conviction.[5] On April 26, 1968, appellant filed a pro se "Motion for Disposition of Indictment". After setting forth the history of his case, appellant quoted from Section 1 of the statute, and prayed for a speedy disposition of the indictment for the Kanal murder under the 180-day rule. A copy of this motion was received by the Philadelphia District Attorney's office on April 29, 1968.

The matter came on for a hearing on May 22, 1968. Appellant's court appointed counsel was present, and the hearing court (NIX, J.) ruled that any proceeding at that time would be premature, for the 180 days had not yet terminated. The court's order directed the motion was not to be listed until the expiration of that period. Nevertheless, for some unexplained reason, the matter was listed again on August 13, 1968, and the hearing court (GUERIN, J.), apparently unaware of Judge NIX's order, dismissed the motion.

On December 17, 1968, appellant's counsel filed a "Petition To Quash Indictment (For Failure To Bring Defendant To Trial Within 180 Days after Request For Disposition Of Indictment)." The petition averred that appellant's April 26, 1968 motion constituted sufficient notice under Section 1 of the act, that more than 180 days had elapsed since the district attorney had received a copy of the motion on April 29, 1968, and that therefore the indictment should be dismissed. This petition was heard on January 20, 1969, before Judge DOTY, and

---

[5] See *Commonwealth v. Bell*, 417 Pa. 291, 208 A. 2d 465 (1965).

he took the matter under advisement pending the filing of a brief by the Commonwealth. Following the hearing, appellant himself, without the knowledge or consent of his counsel, wrote to Judge DOTY on April 14, 1969, and requested that the December 17, 1968 motion to quash the indictment be withdrawn and that the matter be brought to trial as soon as possible. On April 25, 1969, Judge Doty entered an order granting appellant leave to withdraw his petition to quash prepared and filed on his behalf by his counsel of record and ordering the indictment be listed for speedy trial.

The complications did not abate. On May 2, 1969, appellant's attorney petitioned to withdraw as counsel, which was allowed on June 5, 1969.[6] The case was listed for trial on July 7, 1969, but was continued because appellant was unrepresented by counsel. New counsel was appointed. When the case again came up for trial on September 23, 1969, appellant's new counsel requested a continuance to properly prepare for trial. The case was then listed for trial on November 25, 1969, at which time counsel renewed appellant's application for dismissal under Section 2 of the act.

Meanwhile, on June 13, 1969, appellant filed a motion without assistance of counsel requesting the disposition of his indictment within 180 days, which was, in effect, the identical request that had been made on April 26, 1968. This was heard by Judge SPORKIN on June 27, 1969, and he dismissed the motion without prejudice. Appellant then filed a pro se petition for "writ of injunction" and a "rule to show cause why the bill of indictment No. 1552 [the Kanal case] should not

---

[6] Although of no great consequence in this case in light of our disposition of the issues involved, the record does not demonstrate that the withdrawal of counsel conformed with either the standards of our Court or the United States Supreme Court. See *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968).

be dismissed for failure of the Commonwealth to comply with the 180-day rule." The petition and motion were denied by Judge McGlynn. Then appellant, with the assistance of counsel, took an appeal to this Court, and a stay of proceedings was granted pending disposition of appeal.

Initially, we take this opportunity to observe that a hearing or trial court should not accept an accused's pro se motion when he has counsel of record and there is no evidence he has discussed the matter with counsel, particularly where the motion works to the accused's prejudice. The efficient and orderly administration of criminal justice is never advanced by ignoring and discouraging the role of defense counsel. Many of the procedural complexities in this case as well as the unnecessary delay and burdens could have been avoided had appellant's counsel of record not been bypassed as this record indicates.

Section 3.6 of the American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function (Tentative Draft 1970) provides, inter alia: "(a) . . . [The lawyer] should consider all procedural steps which in good faith may be taken, including, for example, motions seeking pretrial release of the accused, obtaining psychiatric examination of the accused when a need appears, moving for a change of venue or continuance, moving to suppress illegally obtained evidence, moving for severance from jointly charged defendants, or *seeking dismissal of the charges.*" (Emphasis added.)

Section 5.2 of the same standards provides: "5.2 Control and direction of the case. (a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial;

(iii) whether to testify in his own behalf. (b) The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, *and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.* [Emphasis added.] (c) . . ."

These standards recognize the importance of defense counsel in our judicial system. "Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible." *Powell v. Alabama,* 287 U.S. 45, 69, 53 S. Ct. 55, 64 (1932). Counsel is appointed to protect the interests of the accused, and a defendant should not be permitted to act on his own behalf when represented by counsel in matters of pretrial or trial strategy of such a critical nature, especially when such action is to his prejudice, unless there is evidence of the professional guidance of counsel on the subject, or counsel has properly withdrawn from the case, and defendant has made an intelligent and voluntary waiver of further assistance. Under the ABA standards, appellant's pro se withdrawal of his petition to quash was a matter of litigation strategy within the ". . . exclusive province of [his] . . . lawyer after consultation with [appellant] . . . ."

As to the specific issues raised in this appeal, under Judge McGLYNN's view of the myriad events which transpired, the controlling order was that entered by Judge DOTY on April 25, 1969, permitting appellant to withdraw his petition to quash. Judge McGLYNN cor-

rectly determined that he was precluded from considering events which had occurred prior to that date, because he would be ruling on orders entered by courts of coordinate jurisdiction. However, the statutory language of Section 2 requires that once all the requisites of Section 1 have been satisfied and 180 days have passed without the "action" having been brought to trial, every court in this Commonwealth is automatically divested of jurisdiction to hear the indictment, ". . . and the court shall enter an order dismissing the same with prejudice."[7]

In the present case, the Commonwealth admits appellant's April 26, 1968 motion was sufficient notice under the act, and all parties agree that the 180-day period began to run on April 29, 1968, when the district attorney's office received a copy of the motion. The Commonwealth also agrees that appellant in no way delayed or hindered the bringing of the action to trial during the ensuing 180 days, and no request for continuance was made or granted.

However, the Commonwealth urges that Section 2 is not self-executing and that the proper procedure is to file a motion to quash or a petition to dismiss, referring us to this Court's decisions in *Commonwealth v. Gates*, 429 Pa. 453, 240 A. 2d 815 (1968) and *Commonwealth v. Klimek*, 416 Pa. 434, 206 A. 2d 381 (1965). The Commonwealth concludes that since appellant wrote Judge DOTY a letter requesting the withdrawal of the motion to quash filed by his counsel on December 17, 1968, Section 2 is inoperable, and the Commonwealth is still entitled to bring the indictment to trial.

The Commonwealth's reliance on *Gates* and *Klimek* is misplaced. In *Gates* the issue was speedy trial, and the 180-day rule was in no way involved.

---

[7] See note 2 supra.

In *Klimek,* the appellant happened to have proceeded by filing a petition to quash. Yet, nowhere was it indicated that such procedure was a prerequisite to the operability of Section 2. As we there observed: "Under the circumstances presented, the district attorney was required to bring Klimek to trial within the 180-day period following proper notice of his request for disposition of the indictments, unless the court, for good cause shown, granted a continuance. Klimek never requested a continuance or agreed to a postponement of his trial beyond the statutorily prescribed period. Further, the court never ordered a continuance, nor was it requested to do so. The simple truth is that the district attorney, acting on his own, failed to call the indictments for trial. Since the statute was not complied with, the court lost jurisdiction to try the indictments and, under the clear mandate of the statute, the indictments must be dismissed." Id. at 437, 206 A. 2d at 382.

The 180 days in the present case expired on October 25, 1968. The motions filed by appellant or his counsel and the orders entered by the various hearing courts subsequent to that date all are without consequence. The clear language of both statute and our unanimous opinion in *Klimek* compel this result.

Order reversed and record remanded with directions to dismiss the indictment (No. 1552).

Mr. Justice EAGEN concurs in the result.

Mr. Justice JONES took no part in the consideration or decision of this case.

Mr. Justice COHEN took no part in the decision of this case.