383 A.2d 866

**COMMONWEALTH of Pennsylvania**

v.

**William RUSSELL, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1977.

Decided March 23, 1978.

---

Burton A. Rose, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Maxine J. Stotland, Asst. Dist. Atty., for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On November 19, 1974, a jury found appellant William Russell guilty of murder of the first degree, aggravated robbery, burglary, and conspiracy in connection with the shooting death of William Lackman and John Seely and robbery of the residence of Dr. Frank Washick.[1] The trial court on October 21, 1975 denied appellant's post-verdict motions and sentenced appellant to life imprisonment on the murder conviction and both concurrent and consecutive sentences on the other convictions. Appellant contends that the trial court improperly instructed the jury that in evaluating the credibility of a witness who testifies favorably for the accused, but who was previously convicted and sentenced for the crime in question, the jury should view the exculpatory testimony "with disfavor because it comes from a corrupt and polluted source," should "accept [the testimony] only with caution and care," and should consider whether the testimony is "supported by independent evidence."[2] We agree, reverse judgments of sentence, and grant appellant a new trial.[3]

1. This Court reversed appellant's previous conviction on these charges. *Commonwealth v. Russell*, 456 Pa. 559, 322 A.2d 127 (1974).

2. We hear these appeals pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, arts. II and V, §§ 202(1) and 503(a), 17 P.S. §§ 211.202(1) and 211.503(a) (Supp.1977).

3. Appellant asserts that the evidence was insufficient to prove guilt beyond a reasonable doubt. Viewing all the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, see *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976); *Commonwealth v. Bastone*, 466 Pa. 548, 353 A.2d 827 (1976), we conclude that the evidence was sufficient.

Appellant also contends that the trial court erred by: (1) instructing the jury that before it could apply the "accomplice rule" to the testimony of a prosecution witness it must first find that the witness

## I

The Commonwealth asserts that appellant, though not present during the commission of the crime, organized and planned it. Joseph Grissell testified for the Commonwealth that he was supposed to act as a lookout for the perpetrators, but withdrew from the enterprise. Grissell testified that he was present when appellant organized the crime. Adolph Schwartz, one of the perpetrators, testified for appellant that he did not know appellant and that appellant was not involved. Appellant also testified.

The trial court instructed the jury that in evaluating the testimony of Grissell, the prosecution's witness, it should be aware that an accomplice "may falsely blame others," and that his testimony should be examined closely. The court also charged that Grissell's testimony "standing alone is sufficient evidence on which to find the defendant guilty if, after following the foregoing principles [concerning accomplices], you are convinced beyond a reasonable doubt that he testified truthfully. . . ."

The court then charged the jury concerning the testimony of Schwartz, appellant's witness: "Now as to him, you also have to apply the same precautions [as for Grissell] in determining the credibility of his testimony. Briefly, to repeat what I have said for the other accomplice, in deciding whether or not to believe Schwartz's testimony, you should be guided by the same principles." The trial court continued:

"The testimony of Adolph Schwartz should be looked upon with disfavor because it comes from a corrupt and polluted source.

Two: You should examine his testimony closely and accept it only with caution and care, which is exactly the same thing I said for the other accomplice that testified.

had not withdrawn from the conspiracy; and (2) failing to emphasize to the jury that it could return a verdict of murder of the second degree. Our disposition makes resolution of these issues unnecessary.

Third: You should consider whether Schwartz's testimony is supported in whole or in part by other evidence aside from his testimony, for if it is supported by independent evidence, then it is more dependable.

And, finally, you may believe Schwartz's testimony even though it is not supported by any other evidence."

## II

The Commonwealth asserts that appellant failed to preserve the issue whether the trial court erred in instructing the jury concerning the testimony of Adolph Schwartz. We do not agree.

The jury returned its verdicts on November 19, 1974. Counsel for appellant on November 22, 1974, filed post-verdict motions challenging the sufficiency of the evidence. On November 25, appellant, though represented by trial counsel, filed timely pro se post-verdict motions challenging the sufficiency of the evidence, the trial court's charge to the jury, the prosecuting attorney's closing argument, and the trial court's failure to instruct the jury further on the credibility of the witnesses. On February 27, 1975, before argument on post-verdict motions, counsel withdrew from the case with the approval of appellant, and new counsel entered an appearance. New counsel filed a brief addressing the charge. After argument, the court denied the motions, including the objection to the charge concerning Schwartz's testimony.

Citing *Commonwealth v. Bell*, 442 Pa. 566, 276 A.2d 834 (1971), the Commonwealth argues that motions filed by a counseled defendant, such as the November 25 post-verdict motions of appellant, are not valid. In *Bell*, this Court pointed out the importance of defense counsel and stated "a hearing or trial court should not accept an accused's pro se motion when he has counsel of record and there is no evidence he has discussed the matter with counsel, particularly where the motion works to the accused's prejudice." Id. 442 Pa. at 571, 276 A.2d at 836.

The Commonwealth misperceives *Bell.* *Bell* does not hold that such pro se motions by a counseled defendant are per se invalid. Rather, *Bell* directs trial courts to scrutinize such motions so that undue procedural confusion might be avoided. Where appellant has taken steps necessary to preserve his right to appellate review of an alleged error, and where these steps do not prejudice appellant, we cannot say that the trial court erred in treating appellant's timely pro se motions as a proper supplement to those post-verdict motions already filed.[4]

### III

Giving an "accomplice charge" when an accomplice testifies on behalf of the prosecution is a well-established practice. See *Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969); see also *Cool v. United States,* 409 U.S. 100, 103, 93 S.Ct. 354, 357, 34 L.Ed.2d 335 (1972) (citing cases). Giving such a charge when the witness testifies for the defendant, however, is far less common. There are few reported appellate cases from other jurisdictions directly passing on this issue,[5] which is apparently one of first impression for this

**4.** The Commonwealth also asserts that appellant's pro se motions referred generally to the charge of the trial court, but not to the "polluted source" charge. A fair reading of appellant's pro se motion, however, see *Commonwealth ex rel. Saunders v. Creamer,* 464 Pa. 2, 345 A.2d 702 (1975), citing *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and new counsel's post-verdict brief, filed before argument, put the court on notice of appellant's allegation of error.

**5.** The Supreme Court of New Jersey has held invalid an accomplice charge where the accomplice is a defense witness. *State v. Gardner,* 51 N.J. 444, 460–61, 242 A.2d 1, 10 (1968). Accord, *Wheelis v. State,* 340 So.2d 950, 952 (Fla.App.1976) (disapproving charge that accomplice testifying for defense must be evaluated with great caution; no Florida case approving such a charge); *People v. Legear,* 29 Ill. App.3d 884, 892, 331 N.E.2d 659, 665 (1975) (as a general rule, accomplice instruction should not be given where it derogates from defendant's ability to use favorable testimony); *People v. Howard,* 130 Ill.App.2d 496, 498, 263 N.E.2d 633, 634 (1970) (general rule is to give instruction only where accomplice implicates defendant) (citing cases). But see *United States v. Nolte,* 440 F.2d 1124 (5th Cir.), cert. denied, 404 U.S. 862, 92 S.Ct. 49, 30 L.Ed.2d 106 (1971) (upholding instruction; accomplice credibility may be suspect).

Court.[6]

■ A legitimate basis exists for charging the jury to view an accomplice's testimony with suspicion when the accomplice testifies for the Commonwealth. Such a witness, out of a reasonable expectation of leniency, has an interest in inculpating others. This basis is inapplicable, however, when the accomplice testifies on behalf of the defense. One implicated in a crime cannot reasonably expect such leniency by exonerating others, particularly where, as here, the witness has already been sentenced for committing the crime. Thus, it is unreasonable to infer, and improper for the court to charge, that because this defense witness stood convicted of the crime in question, his testimony must be viewed "with disfavor" and accepted only with "caution and care."

We cannot say beyond a reasonable doubt that the error was harmless. See *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978). The prosecution's case rested heavily on the testimony of the alleged confederate Grissell. The defense consisted of testimony of the convicted perpetrator Schwartz and appellant, both of whom contradicted Grissell. Credibility of these witnesses was crucial. Therefore, appellant was prejudiced by a charge misdirecting the jury in assessing the testimony of Schwartz, an important defense witness. See *Commonwealth v. Jackson*, 475 Pa. 604, 381 A.2d 438 (1977); *Commonwealth v. Reese*, 475 Pa. 120, 379 A.2d 1312 (1977).

Judgments of sentence reversed and new trial granted.

JONES, former C. J., did not participate in the decision of this case.

POMEROY, J., filed a dissenting opinion.

**6.** In *Commonwealth v. Griffin*, 216 Pa.Super. 410, 268 A.2d 129 (1970), the Superior Court held it was error to instruct a jury that it must believe an accomplice testifying for the defendant "beyond a reasonable doubt." The Superior Court went on to say, however, that without the "beyond a reasonable doubt" language the charge would be proper because the witness had admitted to prior felony convictions. This language, however, was not necessary to resolve the case; in any event, we decline to follow it.

POMEROY, Justice, dissenting.

I respectfully dissent. There is no doubt that when the prosecution calls as an inculpatory witness a person who is known to be or who may be found to be an accomplice with the defendant in the crime which is the subject of the trial, a so-called "accomplice charge" is proper. In the less usual situation where an accomplice is called by the defendant as an exculpatory witness, the Court now holds, as I read its opinion, not only that the normal accomplice charge is improper, but that no accomplice charge is proper. It is with this latter part of the Court's ruling that I disagree.

The normal accomplice charge contains admonition to the effect that persons caught in the commission of a crime may falsely blame others because of some corrupt or wicked motive, or in the hope of obtaining leniency through inculpating others. The jury is usually told that the testimony of such a person, standing alone, is enough to convict only if the jury is satisfied beyond a reasonable doubt that the witness testified truthfully. Such a charge was given in the instant case with reference to a Commonwealth witness, one Grissell. I agree with the Court that it would be wrong for a trial judge to charge relative to a defense accomplice witness that only if the jury believed beyond a reasonable doubt that the witness was telling the truth could they accept his testimony. So to charge would distort the well established principles of burden of proof. *Commonwealth v. Griffin*, 216 Pa.Super. 410, 413–414, 268 A.2d 129, 131 (1970). See *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). But I see no harm in a limited accomplice charge. As the Superior Court put it in *Griffin, supra*:

"Since the [defense] witness could properly be considered an accomplice and had admitted prior convictions of felonies a cautionary charge was proper. The form of such instruction lies within the discretion of the lower court. . . .

\* \* \* \* \* \*

"However, there is no burden on the defendant and no justification for requiring that his witness be believed

'beyond a reasonable doubt.'" *Ibid.* 216 Pa.Super. at 414–415, 268 A.2d at 131–132.

The trial court in the case at bar gave such a limited instruction, as quoted in Mr. Justice ROBERTS' opinion at page 867.* In my view it was exercising proper discretion in so doing.

The policy behind such a charge, of course, is to alert the jury to the possibility of perjured testimony. While the hope of favorable treatment by the prosecution would not be the motive for the testimony of a defense witness, other motives might well come into play. The favorable testimony of a witness like Adolf Schwartz, convicted and sentenced to life imprisonment on the offense for which the appellant

---

* It is apparent that in giving this charge the trial judge was following the recommended charge proposed by this Court's Committee for Proposed Standard Jury Instructions where one or more of the defendant's exculpatory witnesses are accomplices. Section 4.05 of the Proposed Standard Jury Instructions reads:

"In deciding whether or not to believe (        ) and (        ), you should be guided by the following principles:

"First. The testimony of (        ) and (        ) should be looked upon with disfavor because it comes from a corrupt and polluted source.

"Second. You should examine (        )'s and (        )'s testimony closely and accept it only with caution and care.

"Third. You should consider whether (        )'s and (        )'s testimony is supported, in whole or in part, by other evidence aside from his (their) own testimony, for if it is supported by independent evidence it is more dependable.

"Fourth. However, you may believe (        )'s and (        )'s testimony even though it is not supported by any other evidence."

The majority opinion reads the court's charge as incorporating by reference the full accomplice charge given with reference to the Commonwealth witness Grissell into the charge later given with reference to the defense witness Schwartz. While there is language in the charge which can be so construed, I am satisfied that there was a sufficient break between the two passages in the charge so that the jury was not misled into thinking that their approach to the two witnesses should be identical. The four points in the cautionary charge given to the jury as to Schwartz were also included in the longer instruction as to Grissell, and that is no doubt why the trial judge assimilated the one to the other. But his charge as to Schwartz did not contain the "beyond a reasonable doubt" caution, as did the charge on Grissell, nor did it say, as does the longer charge, that a person caught in committing a crime may falsely blame others because of some corrupt and wicked motive.

was on trial, might have been motivated by feelings of friendship, loyalty or even fear of future revenge by appellant or his friends should he, Schwartz, refuse to testify; such a person, moreover, would have nothing to lose by lying for a colleague, having already been convicted and sentenced himself. Hence, like the prosecution's evidence from an accomplice source, such testimony by a defense witness is also susceptible to the possibility of perjury. Thus I agree with the view held in a number of other jurisdictions that "whether an accomplice testifies for the defendant or for the State his credibility may be suspect, and the trial judge should have judicial discretion to decide whether to advise the jury to accept the accomplice's testimony with caution." *People v. Legear*, 29 Ill.App.3d 884, 890, 331 N.E.2d 659, 665 (1975). Accord, *United States v. Nolte*, 440 F.2d 1124 (5th Cir. 1971).

I would affirm the judgment of sentence.