406 A.2d 1091

**COMMONWEALTH of Pennsylvania**

v.

**Robert MORRIS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1978.

Decided June 29, 1979.

George T. Guarnieri, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Assistant Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant takes this appeal from his November 28, 1977 conviction for burglary. Appellant argues, *inter alia*, that it was error for the trial court to instruct the jury on the "corrupt source" rule as a test for assessing the credibility of defense witness William Morris, appellant's brother

and alleged co-conspirator, who prior to appellant's trial had pleaded guilty to committing the same burglary with which appellant was charged. While appellant's appeal was pending, the Supreme Court handed down its decision in *Commonwealth v. Russell*, 477 Pa. 147, 383 A.2d 866 (1978), a case which decided appellant's precise issue. The Supreme Court ruled that the "corrupt source" rule may not properly be applied to the testimony of a convicted accomplice who is called to testify in the defendant's behalf. Accordingly, under *Russell*, appellant is clearly entitled to a new trial.[1] *Id.*, 477 Pa. at 153, 383 A.2d 866.

■ Because of our disposition of the above issue, we need only address one of appellant's remaining arguments. Appellant contends that the informations under which he was charged were unlawfully issued. In support of his position, appellant challenges the constitutionality of the law empowering the district attorney to lodge informations,[2] claiming that this law deprives appellant of due process and equal protection of the law under the Fifth and Fourteenth Amendments to the United States Constitution because this law does not specify the limits to the district attorney's discretion in deciding whether or not to issue an information against a suspect. Appellant's argument is without merit.

In *Shade v. Commonwealth of Pennsylvania, Dep't of Transp.*, 394 F.Supp. 1237 (1975), the Court said of prosecutorial discretion,

"[W]hile there may be instances in which the courts would be entitled to review the exercise of prosecutorial discretion, such review is limited to circumstances involving the deliberate use of such factors as race, religion, or other suspect classifications . . . . In the absence of such factors, the exercise of prosecutorial discretion does not violate due process or equal protection of the law.

. . . . .

1. This was conceded by both the Commonwealth and the lower court.

2. See, The Act of October 10, 1974, P.L. 713, No. 238, 17 P.S. §§ 271–276 (Supp.1978).

"The criminal law is not a computerized system and discretion . . . is a necessary and inherent part of the criminal justice system. Prosecutorial discretion in law enforcement 'is by its very nature exceedingly broad,' and such discretion is an essential part of the criminal justice system." 394 F.Supp. at 1242 (Citations omitted.)

The Court's rationale in *Shade* applies with equal force to appellant's case. Since appellant neither alleged nor proved an invidious discrimination, we find that appellant was not denied his constitutional rights.[3]

Accordingly, for the above reasons, appellant is hereby awarded a new trial.[4]

3. See generally, Discriminatory Enforcement of Criminal Law, 13 POF2d 609 (1977).

4. Appellant also challenges the informations on two other grounds. Appellant argues that the lower court erred in granting the Commonwealth a seven-day continuance of the time for preliminary hearing when a witness for the Commonwealth failed to appear at the first hearing because he had been subpoenaed for the wrong date. Appellant also argues that the informations were defective because they were signed by an assistant district attorney, instead of by the district attorney himself. Both of these arguments are patently frivolous and do not warrant discussion.