414 A.2d 638

COMMONWEALTH of Pennsylvania,

v.

Steven P. BLACKBURN, Appellant.

Superior Court of Pennsylvania.

Submitted July 31, 1979.

Filed Nov. 9, 1979.

2

Richard E. Johnson, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

Defendant was convicted of first degree murder and criminal conspiracy. A demurrer was sustained on possession of an instrument of crime. The defendant has appealed to the Supreme Court. The conviction is affirmed.

On August 17, 1975, at approximately 1:00 a. m., the defendant, Steven Blackburn, and co-defendant, Victor Jones, drove together to a playground at 12th Street and Susquehanna Avenue, Philadelphia, Pennsylvania, to collect a debt owed to the defendant by the deceased, Reed Alston. A fight erupted between the defendant and the deceased in an office at the playground and carried outside to the street. The co-defendant was present there and joined in the fight. The deceased was kicked and beaten by Blackburn and Jones. A chase, in pursuit of the deceased ensued, wherein the co-defendant heard someone behind him shout ". . . stop him . . . shoot him." The co-defend-

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

ant shot the deceased three times in the back, which caused his death. Another man, Christopher Black, was present when the deceased was shot.

The complaint was issued and a detainer lodged against the defendant by the Commonwealth of Pennsylvania on September 7, 1975. At this time, the defendant was being held by Ohio authorities awaiting trial for robbery in that jurisdiction. The defendant plead guilty to that charge on February 4, 1976; he was sentenced; and he was incarcerated. Extradition proceedings were then instituted and the defendant was returned to this jurisdiction on June 4, 1976. On June 12, 1976, a pre-trial motion to quash the information based on a Violation of Pennsylvania Rules of Criminal Procedure, Rule 1100 was argued and denied. The pre-trial hearing judge determined that the period of time during which the defendant was held in Ohio was such that it should be excluded from the one hundred and eighty day time period of Rule 1100 because of the unavailability of the defendant. The lower court concluded that due diligence was exercised in returning the defendant to Pennsylvania and that under the circumstances, no violation of defendant's right to a speedy trial occurred. The trial commenced on November 24, 1976, and ended December 1, 1976.

Post-trial motions were filed with the lower court on November 9, 1977, approximately eleven months after the verdict was returned. On February 17, 1978, after oral argument, the post-trial motions were denied and the defendant was sentenced to life imprisonment in the State Correctional Institution for first degree murder, and he was sentenced to five to ten years for conspiracy to run concurrently.

The first issue we address is whether the defendant's demurrer to the charge of conspiracy should have been granted. The defendant contends that the Commonwealth failed to present a prima facie case of conspiracy.

The Commonwealth may prove indirectly an agreement in order to establish the existence of a conspiracy: *Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978).

"While more than mere association must be shown, [a] conspiracy may be inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of co-conspirators have uniformly been held competent to prove that a corrupt confederation had in fact been formed."

*Commonwealth v. Roux*, 465 Pa. 482, 488, 350 A.2d 867, 870 (1976), quoting from *Commonwealth v. Horvath*, 187 Pa.Super. 206, 211, 144 A.2d 489, 492 (1958).

Since both the defendant and co-defendant Jones drove to the playground together to look for Alston, beat and kicked Alston, and chased Alston, during which co-defendant Jones shot the deceased, acting in concert is established.

 The demurrer was properly denied because the prosecution's evidence, including reasonable inferences that may be drawn from it, was sufficient to support a jury's finding that the defendant was guilty beyond a reasonable doubt of conspiracy. *Commonwealth v. Mitchell*, 460 Pa. 665, 671, 672, 334 A.2d 285, 288 (1975). After reviewing the evidence in the light most favorable to the Commonwealth and accepting as true all the evidence together with all reasonable inferences therefrom, upon which the jury could properly have based its verdict, we are convinced that the evidence in this case is of sufficient quality and quantity to support the convictions. *Commonwealth v. Brown*, 467 Pa. 388, 392, 357 A.2d 147, 149 (1976).

The second issue we address is whether the pre-trial hearing court erred in not quashing the bill of information and, consequently, whether the defendant's right to a speedy trial was denied by the failure of the Commonwealth to diligently extradite him from the State of Ohio. We find that the defendant was not denied his right to a speedy trial. Under Pa.Rules Crim.P. 1100(a)(2):

Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

Pa.Rules Crim.P. 1100(d)(1) further provides, and is applicable to this case,

> In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
>
> (1) the unavailability of the defendant or his attorney.

■ Since the defendant was detained in Ohio on robbery charges when the complaint was issued, and was not returned to the Commonwealth of Pennsylvania until June 4, 1976, the pre-trial hearing on June 12, 1976, was not unreasonable delay. In addition, the trial commencing on November 24, 1976, was within the one hundred eighty (180) day period. "It is axiomatic that all periods of delay beyond the mandatory period must be either excluded from the computation of the period or justified by an order granting an extension pursuant to the terms of Rule 1100 if the Commonwealth is to prevail." *Commonwealth v. Dozier*, 258 Pa.Super. 367, 373, 392 A.2d 837, 840 (1978), *Commonwealth v. Shelton*, 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976), quoting *Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). The pre-hearing judge determined that there had been no violation of the one hundred eighty (180) day rule; and, the court excluded the time the defendant was in Ohio from computation. Under Rule 1100, trial commences when the lower court calls the case for trial. The defendant was present on June 4, 1976. Trial commenced within the one hundred eighty (180) day period.

■ The defendant in his pro se brief has raised the issue of whether he was deprived of the effective assistance of trial counsel and appellate counsel, where they failed to file timely pre-trial motions and preserve for appeal the defendant's claim of violation of his rights to speedy trial pursuant to the Interstate Agreement on Detainers Act, Article IV(c), V(c), 19 Pa.Stat.Ann. § 1431 (Purdon). The Commonwealth filed a petition to quash the defendant's pro se brief.

Article IV(c) provides: "In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prison-

er in the receiving state . . ." No motion to dismiss was filed at any time pursuant to the Interstate Agreement on Detainers Act. Therefore, this issue is waived by the defendant. *Commonwealth v. Thompson*, 262 Pa.Super. 211, 396 A.2d 720 (1978).

"Issues not raised in post-verdict motions will not be considered on appeal; however, an exception exists when ineffective assistance of prior counsel is raised." *Commonwealth v. Seachrist*, 478 Pa. 621, 624, 387 A.2d 661, 663 (1978). But, ineffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents the appellant: *Commonwealth v. Seachrist,* supra, 478 Pa. 624, 387 A.2d 663. Ineffectiveness of trial counsel was never raised at the earliest stage of the proceedings, and the issue of trial counsel's ineffectiveness is deemed waived.

In *Commonwealth v. Bell*, 442 Pa. 566, 571, 276 A.2d 834, 836 (1971), quoted in *Commonwealth v. Russell*, 477 Pa. 147, 151, 383 A.2d 866, 868 (1978), the court pointed out the importance of defense counsel and stated that a hearing or trial court should not accept an accused's pro se motion when he has counsel of record.

In addition, while "*Bell* does not hold that such pro se motions by a counseled defendant are per se invalid, *Bell* directs trial courts to scrutinize such motions so that undue procedural confusion might be avoided." *Commonwealth v. Russell*, supra, 477 Pa. 152, 383 A.2d 868. The defendant did not enter his pro se brief in the trial court, and, therefore, the trial court did not have an opportunity to review it. But this court has reviewed the pro se brief and we find that the issue of ineffectiveness of appellate counsel is without merit. The defendant has retained appellate counsel throughout this appeal; and, appellate counsel has raised the defendant's issues. The defendant is attempting to constantly relitigate his issues under the guise of ineffectiveness of counsel. We find no merit to this issue.

The judgment of sentence is affirmed.

MANDERINO, J., files dissenting opinion.

8

MANDERINO, Judge, dissenting:

I dissent. As the majority correctly notes, appellant has raised in his *pro se* brief, a claim that his trial counsel was ineffective for failing to file a pretrial motion that appellant's right to a speedy trial under the interstate Agreement on Detainers was violated. 42 Pa.C.S.A. § 9101, Art. IV(c). Appellant also states that appellate counsel was ineffective for not raising trial counsel's ineffectiveness. Appellant cannot be held to have waived these issues for failing to raise it in the trial court since he is alleging the ineffectiveness of trial counsel.

If appellant's allegations are true, there may be merit to his claim that counsel was ineffective for failing to argue that appellant was not tried within the 120-day period required under the interstate Agreement on Detainers. *See Commonwealth v. Gregg*, 470 Pa. 323, 368 A.2d 651 (1977). On the face of the record, however, we cannot resolve the allegations of ineffectiveness. The matter should therefore be remanded to the trial court for the appointment of new counsel and a determination of the issues raised. *See Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978).