414 A.2d 1055

**COMMONWEALTH of Pennsylvania**

v.

**Roman SENYSZYN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Nov. 9, 1979.

158

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant takes this appeal from his conviction on charges of arson and risking catastrophe. Appellant argues, *inter alia*, that the trial court committed reversible error by refusing to give the "accomplice charge" where the jury might conclude that one of the chief witnesses for the prosecution was an accomplice in appellant's crime. Appellant's point is well taken, and for the reasons set forth below, we reverse and remand for a new trial.

The facts need not be set forth in great detail; suffice it to say that the chief witness for the prosecution was one Harry Leary, who was sixteen years old at the time of trial in October, 1977. Leary testified that he was with appellant on May 25, 1977 and that appellant told Leary that he, appellant, intended to set a house on fire. Leary accompanied appellant to a house at 234 W. Oxford Street in Philadelphia, Pennsylvania, which they entered together. Leary testified that he saw appellant take a rug from the yard into the house and hold lighted matches to it. When Leary saw that the police were coming down the street,[1] he jumped through the front window and hid behind a truck.

1. Officer Guy Baron, who chased and arrested Leary and appellant testified that he noticed smoke coming out of the building at 234 W. Oxford Street and saw these two individuals climb out the window and run down the street.

Appellant soon followed, and he and Leary ran down the street together. However, the police pursued them and the pair was arrested. Appellant was charged with setting the fire, but no charges were filed against Leary because, according to Detective Alexander Doman, the police felt the case against Leary was weak, and because Leary was a juvenile.

At trial, appellant submitted several points for charge to the court. Two of these suggested points covered what is commonly termed the "accomplice charge." In these two points appellant asked the court to charge the jury that if the jurors found that Leary was an accomplice to defendant's criminal act,[2] then the jury might view Leary's testimony with caution because it came from a corrupt source; that is to say, Leary might be testifying against appellant falsely so as to exculpate himself. *See, e. g., Commonwealth v. Thomas,* 479 Pa. 34, 387 A.2d 820 (1978); *Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969). The trial court refused these points for charge and appellant properly preserved this issue for appeal by objection[3] and written post-verdict motions.[4]

The law regarding accomplice charges has been concisely stated by the Supreme Court in *Commonwealth v. Thomas,* 479 Pa. at 37–38, 387 A.2d at 822, where the court stated:

> "The rationale behind instructing a jury that it should view the testimony of an accomplice with suspicion when the accomplice testifies for the prosecution, lies in the recognition that such a witness, out of a reasonable expectation of leniency, has an interest in inculpating others. *Commonwealth v. Russell,* 477 Pa. 147, 383 A.2d 866 (1978). For an accomplice charge to be required, the facts need not *require* the inference that the witness was in fact

2. The legislature has defined an accomplice in The Crimes Code, 18 Pa.C.S.A. § 306 (1973).

3. See *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

4. See *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979) (filed July 8, 1979); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

an accomplice, they need only permit such an inference. *Commonwealth v. Sisak*, 436 Pa. 262, 259 A.2d 428 (1969). If the evidence is sufficient to present a jury question with respect to whether the prosecution's witness was an accomplice, the defendant is entitled to an instruction as to the weight to be given to that witness's testimony. *Commonwealth v. Mouzon*, 456 Pa. 230, 318 A.2d 703 (1974). See also, *Commonwealth v. Coades*, 454 Pa. 448, 311 A.2d 896 (1973)."

In the present case, the evidence was more than sufficient to permit an inference that Leary was an accomplice to the crime, in view of Leary's own admission that he entered the house with appellant knowing that appellant intended to set a fire. Accordingly "[a]ppellant was therefore entitled to have the jury charged as to the proper scrutiny to be accorded [this witness's] testimony, and the court's error in refusing the charge as requested was not harmless error." *Commonwealth v. Thomas*, 387 A.2d 822–823.

Judgment of sentence reversed and case remanded for a new trial.