455 A.2d 169

**COMMONWEALTH of Pennsylvania**

**v.**

**William KENNEDY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 6, 1981.

Filed Jan. 21, 1983.

Robert S. Robbins, Philadelphia, for appellant.

Sarah Vandenbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and POPOVICH, JJ.

McEWEN, Judge:

We here consider an appeal from a judgment of sentence imposed after appellant was convicted by a jury of simple and aggravated assault and sentenced to a term of probation for two years. We vacate the judgment of sentence and remand for a new trial.

This case arises out of an altercation which occurred at approximately 3:30 a.m. in the Kensington section of Philadelphia, and involved the occupants of two cars. The driver

of one car, Andrew Brown, and his companions, Terry Hopkins and appellant William Kennedy, had stopped to allow Kennedy to see if one of his friends who lived on the street was at home. Philadelphia policeman James Speiser, who was off-duty and driving Theresa Way to her home, waited behind the first car, and when Brown failed to proceed, Speiser honked his horn. The testimony concerning events thereafter from the witnesses for the Commonwealth differs considerably from that of the witnesses for the defense.

According to the testimony of Commonwealth witnesses Speiser and Way, Brown started to move his car forward and then suddenly drove his car in reverse and thereby collided with the front of Speiser's car. When Speiser got out of his car to see if any damage resulted from the collision, both Brown and Hopkins began to walk towards Speiser, while Brown threw his jacket on the ground and raised his fist. As a result, Speiser returned to his car, got his gun from the car, and announced that he was a police officer. Way then got out of Speiser's car and attempted to intercede. At this time, appellant, who was holding a beer bottle in one hand, came up behind Way, grabbed her arm and poured out the contents of the beer bottle. After appellant stated that there was a shotgun in Brown's car and that they would "get" Way, Brown ran towards his car. When Hopkins made a lunging motion towards Speiser, the officer fired two shots, one of which hit Hopkins in the stomach, while the other grazed Way's finger before wounding appellant and causing the loss of one of his fingers.

The Commonwealth supplemented this testimony with testimony of other witnesses who had seen portions of the incident. One witness testified that she drove up behind Speiser's car and that she saw two men get out of Brown's car, one of whom threw his jacket to the ground. This witness also saw a third man pour beer out of a bottle. Another Commonwealth witness, who lived in a nearby house, testified that she looked out of her bedroom window,

saw a man holding a woman by the arm, with his fist next to her head, and heard him state that he would "get" the woman. The Commonwealth also presented testimony from two policemen who testified that they removed two beer bottles and a jacket from the street.

The defense sought, by means of the testimony of the appellant and Brown, to prove that appellant did not assault Way. Appellant testified that he did not touch Way, but rather, he only used her as a shield to protect himself from Speiser. Brown corroborated this version of the occurrence by testifying that appellant neither had a bottle in his hand nor did appellant place his hand on Way's arm.

Appellant presents two contentions, each of which he claims entitle him to relief. The first assertion is based on the claimed ineffectiveness of trial counsel for failing to object when the trial court gave an accomplice instruction concerning the testimony of defense witness Brown.[1] Appellant also argues that the trial judge erred when he restricted the defense in the conduct of the cross-examination of Commonwealth witness Way. Since we conclude that the claim of ineffectiveness requires that the judgment of sentence be vacated and the case remanded for a new trial, we need not address the second alleged error.[2]

A judicial study of a claim of ineffectiveness begins with the determination of whether the claim is of arguable

1. Trial counsel first raised an objection to the accomplice jury charge in the post-trial motions. During argument on these motions, appellant asserted his own ineffectiveness in failing to object to the charge. Appellant is represented on appeal by new counsel.

2. This second ground for relief upon which appellant relies concerns the attempt by defense counsel during cross-examination to question Ms. Way as to her occupation as a belly dancer. The stated purpose of this question was to show that Way was engaged in an occupation where such a bruise would be likely to be caused by her audience, and the defense therefore sought to disprove the theory of the Commonwealth that the bruise on Way's arm was suffered when appellant grabbed her arm. The trial court sustained the objection of the Commonwealth that this question was irrelevant.

merit. If the underlying claim is of arguable merit, we must then determine whether the strategy chosen by the lawyer had some reasonable basis designed to effectuate the interest of the client. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980); *Commonwealth v. Pittman*, 295 Pa.Super. 234, 441 A.2d 436 (1982). Thus, we first determine whether there is arguable merit to the contention that the trial judge erred when he gave the following accomplice instruction to the jury:

> Ladies and gentlemen of the jury I am not going over the testimony with you, I will just kind of give you some instructions on the testimony of Mr. Brown who was called by the defense. If Mr. Brown is an accomplice, then there are certain principles of law that you should use in judging his credibility. But first you must decide our principles of law as to an accomplice as it applies to the defendant in this case. Now the definition of an accomplice is one who knowingly and voluntarily cooperates or aids another in the commission of a crime. If you find that Mr. Brown is an accomplice, then you should consider his testimony or look upon his testimony with disfavor because it comes from a corrupt and polluted source. You should examine his testimony closely and accept it with caution and care. You should consider whether or not his testimony is supported in whole or in part with other evidence aside from his own testimony, for if it is supported by independent evidence it is more dependable. However, if you believe Mr. Brown's testimony, even though it is not supported by any other evidence, then you are justified, if you believe.

Preliminarily, there would seem to be some question as to whether the participation of Andrew Brown in the occurrence was such that an accomplice charge should have been delivered in any event. Indeed, as the brief of the Commonwealth notes:

> Because Brown, unlike defendant and Hopkins, never made verbal threats and was in or near his car at the

point in time the assault occurred, the jury simply could not have reasonably concluded that he was an accomplice.

We need not scrutinize this issue, however, since we conclude upon other grounds that the instruction was error. The rationale for an accomplice charge and the application of this charge to particular circumstances was discussed by the distinguished Pennsylvania Supreme Court Justice Samuel J. Roberts in *Commonwealth v. Russell*, 477 Pa. 147, 152–53, 383 A.2d 866, 868–69 (1978), when he stated:

> Giving an 'accomplice charge' when an accomplice testifies on behalf of the prosecution is a well-established practice. *See Commonwealth v. Sisak*, 436 Pa. 262, 259 A.2d 428 (1969); *see also Cool v. United States*, 409 U.S. 100, 103, 93 S.Ct. 354, 357, 34 L.Ed.2d 335 (1972) (citing cases). Giving such a charge when the witness testifies for the defendant, however, is far less common. There are few reported appellate cases from other jurisdictions directly passing on this issue, which is apparently one of first impression for this Court.
>
> A legitimate basis exists for charging the jury to view an accomplice's testimony with suspicion when the accomplice testifies for the Commonwealth. Such a witness, out of a reasonable expectation of leniency, has an interest in inculpating others. This basis is inapplicable, however, when the accomplice testifies on behalf of the defense. One implicated in a crime cannot reasonably expect such leniency by exonerating others, particularly where, as here, the witness has already been sentenced for committing the crime. Thus, it is unreasonable to infer, and improper for the court to charge, that because this defense witness stood convicted of the crime in question, his testimony must be viewed 'with disfavor' and accepted only with 'caution and care.' (footnotes omitted).

■ Our Supreme Court thus stated that the rationale for the accomplice instruction is certainly valid when an accomplice testifies for the Commonwealth but concluded that

there is no logical basis for such an instruction when an accomplice—or, as in this case, the companion of the defendant—proffers testimony exonerating the accused. The credibility of Andrew Brown was crucial to the defense since it not only exonerated appellant but was the sole evidence of corroboration of the testimony of appellant himself. The distinguished trial judge himself expressed during post-trial argument his candid reservation that such an instruction was proper in view of the recent law upon the subject. We conclude it was error to include an accomplice instruction in the charge.

■ Once it has been determined that it was error to provide an accomplice charge in this situation, it does not seem possible to contend that this instruction was harmless error. The instruction included the following sentence:

If you find that Mr. Brown is an accomplice, then you should consider his testimony or look upon his testimony with disfavor because it comes from a corrupt and polluted source.

Surely this instruction could only have seriously damaged the defense since it so adversely affected the credibility of Andrew Brown. Therefore, the contention that trial counsel was ineffective by reason of his failure to object to the instruction seems beyond dispute. Trial counsel himself, while representing appellant in the post-trial proceedings, acknowledged that his representation had been ineffective by reason of his failure to object to the accomplice instruction. Counsel thereby concedes that there was no reason for his failure to object. Nor can we envision any such reason for a failure to so object. Therefore, it would be a futile procedure to remand this case to the Common Pleas Court for a hearing to determine if trial counsel had a reasonable basis for his failure to object to the accomplice instruction.

Judgment of sentence vacated and case remanded for a new trial. Jurisdiction is relinquished.