J. S36027/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    :
    v.    :
    :
LENNE LARUE, III    :
    Appellant    :    No. 2168 MDA 2015

Appeal from the PCRA Order October 29, 2015
In the Court of Common Pleas of Franklin County
Criminal Division No(s): CP-28-CR-0001614-2011

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:        **FILED JUNE 06, 2016**

Appellant, Lenne LaRue, III, appeals from the order entered in the Franklin County Court of Common Pleas dismissing his Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm on the basis of the PCRA court's Opinion.

The PCRA court's Rule 1925(a) Opinion includes a thorough and complete narrative of the facts and procedural history in this case and we adopt its recitation for purposes of this appeal. **See** PCRA Court Opinion, filed 1/19/16, at 1-2. While we will not go into exhaustive detail here, some of the relevant facts are as follows.

On January 24, 2012, Appellant pled guilty to two counts of Possession with Intent to Deliver, and the Honorable Douglas Herman sentenced

---

[*] Former Justice specially assigned to the Superior Court.

Appellant to time served to twenty-three months of incarceration on the first count, followed by a consecutive term of twelve months of probation on the second count. Thereafter, Appellant violated his parole, and on April 5, 2013, Judge Herman sentenced Appellant to serve the balance of his originally imposed sentence. Appellant filed a Motion for Modification of Sentence, which Judge Herman denied on March 28, 2012. Appellant did not appeal. *Id.* at 5.

On April 6, 2015, Defendant filed a PCRA Petition and a Memorandum of Law in Support, which the PCRA court ultimately dismissed as untimely.

Appellant timely appealed, raising the following two issues:

1. Was the trial court without jurisdiction to accept any plea of guilty or conduct any prosecutorial proceedings after a violation of the interstate agreement on detainers had occurred?

2. Is the application of 42 Pa.C.S. § 9545 Time to File, unconstitutional as applied to the Appellant, in that it violates the United States Constitution Article I, Section 10, Clause 1, relating to "Obligation of Contracts"?

Appellant's Brief at 5.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. ***See***

***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, a PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, because Appellant filed the instant Petition three years after his Judgment of Sentence became final after pleading guilty, it is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day timeframe after reviewing specific facts that demonstrated the claim was timely raised).

Here, Appellant attempts to circumvent the timeliness requirement with two arguments: (i) that the PCRA's one-year limit is unconstitutional because it conflicts with the requirements of the Interstate Agreement on Detainers Act, and (ii) that he may invoke the after-discovered-evidence exception under Section 9545(b)(1)(ii) because his previously undiagnosed and untreated Graves' disease rendered him mentally incompetent and unable to assert the factual basis for the issues now raised.

The Honorable Carol L. Van Horn has authored a comprehensive, thorough, and well-reasoned Opinion, citing to the record and relevant case law in addressing Appellant's claims on appeal. After a careful review of the parties' arguments, and the record, we affirm on the basis of that Opinion.

- 4 -

*See* PCRA Court Opinion, filed 1/19/16, at 2-9 (holding that Appellant waived any rights he may have had under the Interstate Agreement on Detainers Act, failed to timely file the instant Petition, and failed to invoke an exception to PCRA time-bar).

The parties are instructed to attach a copy of the PCRA court's Opinion to all future filings.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT
## OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | CRIMINAL ACTION |
| vs. | : | No: 1614-2011 |
| Lenne LaRue, III, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## OPINION *sur* PA. R.A.P. 1925(a) AND ORDER OF COURT

Before Van Horn, P.J.

JAN 1 9 2016

ATTEST: A TRUE COPY

*Martha Dimbell*

Dep Clerk of Courts

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | CRIMINAL ACTION |
| vs. | : | No: 1614-2011 |
| Lenne LaRue, III, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## STATEMENT OF THE CASE

On January 24, 2012, the above-captioned Defendant, Lenne LaRue, III, pled guilty to Possession with Intent to Deliver (PWID): Heroin (<1 g)[1] and Possession with Intent to Deliver (PWID): Cocaine (<2.5 g).[2] Defendant was sentenced by the Honorable Douglas Herman on the first PWID charge to time served to 23 months. On the second PWID charge he received 12 months' probation to start at the expiration of the first charge. The Defendant subsequently violated his parole on April 5, 2013, and was sentenced to serve the balance of his originally imposed sentence.

On April 6, 2015, Defendant filed a Post-Conviction Relief Act (PCRA) Petition and a Memorandum of Law in Support. Because Judge Herman had recently retired, the case was reassigned to this Court. Since it was his first PCRA Petition, this Court appointed Matthew Sembach, Esquire, as legal counsel for the Defendant. On June 11, 2015, the Defendant filed a Motion for Extension of Time to File Supplemental PCRA Petition which this Court granted. Attorney Sembach then filed a Motion to Withdraw as Counsel after concluding Defendant's PCRA Petition had no merit on August 6, 2015. Attorney Sembach provided a detailed No Merit

---

[1] 35 P.S. § 780-113(30).
[2] 35 P.S. § 780-113(30).

1

Letter pursuant to *Turner*[3] and *Finley*.[4] The Court granted Attorney Sembach's Motion to Withdraw on August 10, 2015, and notified the Defendant of the Court's intention to dismiss his PCRA Petition without a hearing.

The Defendant filed a Notice and Memorandum: Addendum to PCRA/Reply to Motion to Withdraw Appearance on August 20, 2015. On August 27, 2015, this Court entered an Order instructing the Commonwealth to respond to the Defendant's Notice and Memorandum. The Commonwealth filed its Answer on September 29, 2015.[5] On October 23, 2015, Defendant filed a Supplemental Jurisdiction Statement for PCRA. On October 29, 2015, this Court dismissed the Defendant's PCRA concluding that it was untimely. On December 10, 2015, Defendant filed a Notice of Appeal,[6] Motion to Proceed *In Forma Pauperis* (IFP) and Statement of Matters Complained of on Appeal. The issue is now ripe for decision in this Opinion and Order of Court.

## ISSUE RAISED

Defendant raises a sole issue in his Concise Statement. Defendant argues that his "rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when the Commonwealth failed to bring [him] to trial within 180 days of receipt of [his] Request for Final Disposition which the Commonwealth accepted with Prosecutor's Acceptance of Custody for Request of Final Disposition pursuant to the Interstate Agreement on Detainers Act (IAD)." Thus, Defendant concludes his PCRA Petition was unlawfully dismissed. For the following reasons, this Court disagrees.

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).
[4] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).
[5] The Commonwealth's Answer addresses the issues raised in the Defendant's Notice and Memorandum but appears to be improperly titled "Commonwealth's Answer to the Defendant's Petition for Credit Time."
[6] There appear to be issues regarding exactly when the Defendant filed his Notice of Appeal. The Court would note that it did receive a document entitled "Notice of Appeal" that was dated on November 3, 2015, in the mail from the Defendant in early November of 2015.

2

## STANDARD OF REVIEW

Our appellate courts review an order dismissing a petition filed under the PCRA to determine whether the decision of the PCRA court "is supported by evidence of record and is free of legal error." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (citation omitted). The scope of review is limited; the reviewing court must view the findings of the PCRA court and the evidence of record in the light "most favorable to the prevailing party at the trial level." *Id.* The decision of the PCRA court may be affirmed "on any grounds if it is supported by the record." *Id.* In the case of a purely legal question, the standard of review is *de novo*, and the scope of review is plenary. *See Commonwealth v. Patton*, 985 A.2d 1283, 1286 (Pa. 2009).

## DISCUSSION

**Interstate Agreement on Detainers Act.**

Defendant argues that the charges against him should be dismissed because the Commonwealth failed to comply with the requirements of the IAD. Regarding the IAD, our Supreme Court has explained:

> The IAD is an agreement between forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against a prisoner. Unlike a request for extradition, which is a request that the state in which the prisoner is incarcerated transfer custody to the requesting state, a detainer is merely a means of informing the custodial jurisdiction that there are outstanding charges pending in another jurisdiction and a request to hold the prisoner for the requesting state or notify the requesting state of the prisoner's imminent release.

3

*Commonwealth v. Leak*, 22 A.3d 1036, 1039 (Pa. Super.) citing *Commonwealth v. Davis*, 786 A.2d 173, 175 (Pa. 2001). "The policy of the [IAD] is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainers." *Commonwealth v. Horne*, 89 A.3d 277, 281 (Pa. Super. 2014). The Defendant avers that the Commonwealth, pursuant to Article III of the IAD[7], was required to bring him to trial within 180 days after he requested final disposition and the Commonwealth and court lodged a detainer against him and it failed to do so. *See Fex v. Michigan*, 507 U.S. 43 (1993).

In his Concise Statement the Defendant highlights that the IAD is a compact "which establishes a contractual relationship between signatory states as well as it's [sic] beneficiary, the defendant or prisoner." Def.'s Concise Statement at 1. As a result, the Defendant asserts that by applying 42 Pa. C.S. §9545(b), the time limit for filing a PCRA Petition, this Court would be applying a law impairing the obligation of a contract in violation of the United States Constitution. Additionally, Defendant asserts that this Court was without jurisdiction to accept his guilty plea he entered on January 24, 2012.

## I.    Waiver

In response to the Defendant's assertion that the PCRA's one-year time limit is unconstitutional because it conflicts with the requirements of the IAD, the Commonwealth asserts that the Defendant has already waived his rights under the IAD by entering a plea in this matter. *See Commonwealth v. Blackburn*, 414 A.2d 638, 641 (Pa. Super. 1979). This Court agrees. Defendant asserts that the rights afforded through the IAD are not waivable. However, in *Blackburn* our Superior Court stated:

---

[7] 42 Pa.C.S.A. § 9101.

4

The defendant in his pro se brief has raised the issue of whether he was deprived of the effective assistance of trial counsel and appellate counsel, where they failed to file timely pre-trial motions and preserve for appeal the defendant's claim of violation of his rights to speedy trial pursuant to the Interstate Agreement on Detainers Act, Article IV(c), V(c), 19 Pa.Stat.Ann. s 1431 (Purdon). The Commonwealth filed a petition to quash the defendant's pro se brief.

Article IV(c) provides: "In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state . . ." No motion to dismiss was filed at any time pursuant to the Interstate Agreement on Detainers Act. **Therefore, this issue is waived by the defendant.**

*Id.* (emphasis added).

In the instant matter, the Defendant did file a Motion to Dismiss Pursuant to 42 Pa. C.S. § 9101 (Agreement on Detainers) on December 27, 2011. The Commonwealth filed an Answer to the Motion on January 5, 2012. A hearing was scheduled for January 24, 2012. However, on this date the Defendant decided to enter a guilty plea and was sentenced by Judge Herman. Defendant filed a *pro se* Motion for Modification of Sentence on February 8, 2012. Judge Herman denied the Motion on March 28, 2012. Defendant did not appeal and therefore his judgment became final on April 28, 2012. Thus, because the Defendant allowed his judgment to become final after pleading guilty, his IAD claims are waived as they were for the defendant in *Blackburn* who failed to file a motion to dismiss. Consequently, this Court agrees with the Commonwealth that the PCRA's one-year time limit is not unconstitutional for limiting relief for the Defendant for issues he has already waived.

## II.    Jurisdiction

It is an apodictic rule in Pennsylvania that a court lacks jurisdiction to consider and rule on an untimely PCRA Petition. *See Commonwealth v. Monaco*, 992 A.2d 1076 (Pa. Super.

2010). Under 42 Pa.C.S. § 9545, any PCRA petition, including second or subsequent petitions, must be filed within one year of the date the defendant's judgment became final. A defendant's judgment becomes final ""at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). A defendant may avoid the one-year time bar to file his PCRA Petition by properly establishing one of the following exceptions under § 9545(c):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Initially, this Court must ascertain if we have proper jurisdiction to consider and rule on the Defendant's PCRA. The Defendant appears to concede that his PCRA Petition was filed after his judgment was final for over a year and thus is untimely pursuant to 42 Pa. C.S. 9545(b). However, the Defendant argues that he entitled to an exception to the one-year time bar pursuant to the statutory after-discovered evidence exception codified in § 9545(b)(ii).

Specifically, Defendant avers that he may invoke the after-discovery exception on the basis that he had a mental incompetency which prevented him from discovering the factual basis for certain claims he would have timely raised on collateral review. *See* Def.'s Notice and Memo. 8/20/15 at 3. Defendant states he suffered from undiagnosed and untreated Graves'

6

Disease and as a result suffered from severe thyrotoxicosis which rendered him mentally incompetent and unable to assert the factual basis for the issue now raised in his PCRA Petition. *Id.* Additionally, pursuant to *Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004), Defendant argues he should be given the opportunity to prove at a hearing that his Graves' disease barred the timely assertion of the facts on which his PCRA is premised. *Id.* Defendant also asks this Court to appoint an expert witness who specializes in Graves' disease or provide him with the funds to obtain one. *Id.* at 4. Finally, Defendant claims that his PCRA Counsel, Attorney Sembach, was ineffective because he failed to properly investigate the Defendant's Graves' disease and its effect on his alleged mental incompetency.

Our Supreme Court has made it clear that it will only excuse an untimely PCRA Petition because of a form of mental illness or incompetence under the statutory after-discovered evidence exception in very limited circumstances. *See Monaco*, 996 A.2d at 1080-1081. This stance is consistent with Pennsylvania case law rejecting equitable tolling exceptions to the PCRA's statutory timeliness requirements. *See Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). In asserting that he is entitled to the limited exception of a mental illness under the statutory after-discovered evidence exception, Defendant relies on *Cruz*. In *Cruz*, the defendant murdered three individuals and then attempted suicide by shooting himself in the head. *Cruz*, 852 A.2d at 288. The Defendant survived and eventually pled *nolo contendere* to three counts of second-degree murder. *Id.* However, the shooting incident caused the defendant significant brain damage so much so that at his plea hearing his counsel stated that the Defendant could not "express emotions and really discuss the facts of this case in any sort of sensible way." *Id.*

On collateral attack, the defendant in *Cruz* claimed that his untimely PCRA Petition fell within the statutory-after discovered evidence exception because his brain damage at the time of

7

the plea hearing and during the proper appeal time period rendered him incompetent. In finding that the exception applied to the defendant, our Supreme Court held that "in light of the language of the exception, the unique nature of claims sounding in incompetence, and this Court's discussion in *Commonwealth v. Haag*, 809 A.2d 271 (Pa.2002), [the defendant] should be afforded an opportunity to attempt to prove that he was incompetent at the relevant times and that that incompetence qualifies under the [newly]-discovered evidence exception to the PCRA time-bar." *Id.* at 297. Ultimately, the defendant in *Cruz* was able to a present psychiatrist who testified that he was unable to understand the events at his plea hearing. The Defendant in the instant matter appears to assert in his Notice and Memorandum that his case is analogous to *Cruz* and he should be afforded a similar opportunity to illustrate how his incompetence prevented him learning the facts necessary to support the claim upon which his PCRA Petition is based.

In response the Commonwealth cites *Monaco* which this Court finds far much analogous to the instant matter than *Cruz*. In *Monaco*, the defendant suffered from Post-Traumatic Stress Disorder (PTSD) and attempted "to invoke an exception to the time restrictions of the PCRA, arguing the fact of his PTSD diagnosis [were] unknown to him and could not have been ascertained by the exercise of due diligence." *Monoaco*, 996 A.2d at 1081. Ultimately, our Supreme Court rejected this argument finding that "the petitioner's claim did not fall within the *Cruz* holding because the petitioner failed to allege his post-traumatic stress disorder 'impaired his mental ability to raise or communicate his claim.'" *Id.* at 1082-1083.

Unlike *Monaco* the Defendant here does actually allege that his Graves' disease impaired his mental ability to raise his claim and learn the facts necessary to support the claim upon which it is based. However, as correctly highlighted by the Commonwealth, the Defendant fails to properly identify what after-discovered evidence his alleged incompetence prevented him from

8

timely raising. In fact, the record is clear that the primary facts upon which the Defendant's current PCRA is based were unequivocally known to him at the time he entered his guilty plea. Specifically, there is little doubt that the Defendant knew about the facts regarding his IAD claim, which makes up the substantive basis of his current PCRA Petition, at the time he entered his guilty plea. After all, the Defendant filed a Motion to Dismiss Pursuant to 42 Pa. C.S. 9101 (Agreement on Detainers) less than a month before he entered his guilty plea. *Cruz* is clearly distinguishable from the instant matter as the facts there make it clear that the defendant's brain damage caused him to be incompetent at the plea hearing and during the applicable timely period to raise his claims on collateral attack. In contrast, there is no question that the Defendant here was cognizant of the facts necessary to support his IAD claim at his plea hearing which is the basis for his instant PCRA petition. Consequently, this Court finds that the after-discovered evidence exception does not apply to the Defendant and his current PCRA Petition is untimely. Furthermore, Attorney Sembach cannot be found to be ineffective for failing to raise the meritless claim the Defendant asserts. *See Commonwealth v. Tilley*, 780 A.2d 649 (Pa. 2001).

## CONCLUSION

Despite Petitioner's claims, this Court's review of the record and survey of the law reveals that his arguments are without merit. The Defendant waived his rights under the IAD by entering a plea in this matter and then allowing his judgment to become final. Furthermore, this Court lacks jurisdiction to consider and rule on the Defendant's PCRA Petition as it is untimely and the Defendant has failed to show that he is entitled to any of the exceptions under § 9545(c).[8] Therefore, the Court respectfully requests the appeal be dismissed, and the Superior Court affirm our prior Order denying relief under the PCRA.

---

[8] The Court would also note that even if we were to address the substance of Defendant's IAD claim we would find it meritless for the reasons articulated in the Commonwealth's Answer to the Defendant's Motion to Dismiss Pursuant to 42 Pa. C.S.A. § 9101 (Agreement on Detainers) and Motion for Bail Reduction filed on January 5, 2012.

9

IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF
PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| Commonwealth of Pennsylvania, | : | CRIMINAL ACTION |
|---|---|---|
| vs. | : | No: 1614-2011 |
| Lenne LaRue, III, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## ORDER OF COURT

AND NOW THIS 15th DAY OF January, 2016, pursuant to Pa. R.A.P. 1931(c),

IT IS HEREBY ORDERED THAT the Clerk of Courts of Franklin County shall promptly transmit to the Prothonotary of the Superior Court the record in this matter along with the attached Opinion *sur* Pa. R.A.P. 1925(a).

*Pursuant to Pa. R. Crim. P. 114, the Clerk of Courts shall immediately docket this Opinion and Order of Court and record in the docket the date it was made. The Clerk shall forthwith furnish a copy of the Opinion and Order of Court, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.*

By the Court,

Carol L. Van Horn, P.J.

copies:
Zachary Mills., Esq., Assistant District Attorney
Lenne Larue, III, Esq., Defendant

10

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | CRIMINAL ACTION |
| vs. | : | No: 1614-2011 |
| Lenne LaRue, III, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## OPINION *sur* PA. R.A.P. 1925(a) AND ORDER OF COURT

Before Van Horn, P.J.

JAN 19 2016

ATTEST: A TRUE COPY

*Martha Dimbulal*

Dep Clerk of Courts

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | CRIMINAL ACTION |
| vs. | : | No: 1614-2011 |
| Lenne LaRue, III, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## STATEMENT OF THE CASE

On January 24, 2012, the above-captioned Defendant, Lenne LaRue, III, pled guilty to Possession with Intent to Deliver (PWID): Heroin (<1 g)[1] and Possession with Intent to Deliver (PWID): Cocaine (<2.5 g).[2] Defendant was sentenced by the Honorable Douglas Herman on the first PWID charge to time served to 23 months. On the second PWID charge he received 12 months' probation to start at the expiration of the first charge. The Defendant subsequently violated his parole on April 5, 2013, and was sentenced to serve the balance of his originally imposed sentence.

On April 6, 2015, Defendant filed a Post-Conviction Relief Act (PCRA) Petition and a Memorandum of Law in Support. Because Judge Herman had recently retired, the case was reassigned to this Court. Since it was his first PCRA Petition, this Court appointed Matthew Sembach, Esquire, as legal counsel for the Defendant. On June 11, 2015, the Defendant filed a Motion for Extension of Time to File Supplemental PCRA Petition which this Court granted. Attorney Sembach then filed a Motion to Withdraw as Counsel after concluding Defendant's PCRA Petition had no merit on August 6, 2015. Attorney Sembach provided a detailed No Merit

---

[1] 35 P.S. § 780-113(30).
[2] 35 P.S. § 780-113(30).

1

Letter pursuant to *Turner*[3] and *Finley*.[4] The Court granted Attorney Sembach's Motion to Withdraw on August 10, 2015, and notified the Defendant of the Court's intention to dismiss his PCRA Petition without a hearing.

The Defendant filed a Notice and Memorandum: Addendum to PCRA/Reply to Motion to Withdraw Appearance on August 20, 2015. On August 27, 2015, this Court entered an Order instructing the Commonwealth to respond to the Defendant's Notice and Memorandum. The Commonwealth filed its Answer on September 29, 2015.[5] On October 23, 2015, Defendant filed a Supplemental Jurisdiction Statement for PCRA. On October 29, 2015, this Court dismissed the Defendant's PCRA concluding that it was untimely. On December 10, 2015, Defendant filed a Notice of Appeal,[6] Motion to Proceed *In Forma Pauperis* (IFP) and Statement of Matters Complained of on Appeal. The issue is now ripe for decision in this Opinion and Order of Court.

## ISSUE RAISED

Defendant raises a sole issue in his Concise Statement. Defendant argues that his "rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when the Commonwealth failed to bring [him] to trial within 180 days of receipt of [his] Request for Final Disposition which the Commonwealth accepted with Prosecutor's Acceptance of Custody for Request of Final Disposition pursuant to the Interstate Agreement on Detainers Act (IAD)." Thus, Defendant concludes his PCRA Petition was unlawfully dismissed. For the following reasons, this Court disagrees.

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).
[4] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).
[5] The Commonwealth's Answer addresses the issues raised in the Defendant's Notice and Memorandum but appears to be improperly titled "Commonwealth's Answer to the Defendant's Petition for Credit Time."
[6] There appear to be issues regarding exactly when the Defendant filed his Notice of Appeal. The Court would note that it did receive a document entitled "Notice of Appeal" that was dated on November 3, 2015, in the mail from the Defendant in early November of 2015.

2

## STANDARD OF REVIEW

Our appellate courts review an order dismissing a petition filed under the PCRA to determine whether the decision of the PCRA court "is supported by evidence of record and is free of legal error." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (citation omitted). The scope of review is limited; the reviewing court must view the findings of the PCRA court and the evidence of record in the light "most favorable to the prevailing party at the trial level." *Id.* The decision of the PCRA court may be affirmed "on any grounds if it is supported by the record." *Id.* In the case of a purely legal question, the standard of review is *de novo*, and the scope of review is plenary. *See Commonwealth v. Patton*, 985 A.2d 1283, 1286 (Pa. 2009).

## DISCUSSION

**Interstate Agreement on Detainers Act.**

Defendant argues that the charges against him should be dismissed because the Commonwealth failed to comply with the requirements of the IAD. Regarding the IAD, our Supreme Court has explained:

> The IAD is an agreement between forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against a prisoner. Unlike a request for extradition, which is a request that the state in which the prisoner is incarcerated transfer custody to the requesting state, a detainer is merely a means of informing the custodial jurisdiction that there are outstanding charges pending in another jurisdiction and a request to hold the prisoner for the requesting state or notify the requesting state of the prisoner's imminent release.

*Commonwealth v. Leak,* 22 A.3d 1036, 1039 (Pa. Super.) citing *Commonwealth v. Davis,* 786 A.2d 173, 175 (Pa. 2001). "The policy of the [IAD] is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainers." *Commonwealth v. Horne,* 89 A.3d 277, 281 (Pa. Super. 2014). The Defendant avers that the Commonwealth, pursuant to Article III of the IAD[7], was required to bring him to trial within 180 days after he requested final disposition and the Commonwealth and court lodged a detainer against him and it failed to do so. *See Fex v. Michigan,* 507 U.S. 43 (1993).

In his Concise Statement the Defendant highlights that the IAD is a compact "which establishes a contractual relationship between signatory states as well as it's [sic] beneficiary, the defendant or prisoner." Def.'s Concise Statement at 1. As a result, the Defendant asserts that by applying 42 Pa. C.S. §9545(b), the time limit for filing a PCRA Petition, this Court would be applying a law impairing the obligation of a contract in violation of the United States Constitution. Additionally, Defendant asserts that this Court was without jurisdiction to accept his guilty plea he entered on January 24, 2012.

## I. Waiver

In response to the Defendant's assertion that the PCRA's one-year time limit is unconstitutional because it conflicts with the requirements of the IAD, the Commonwealth asserts that the Defendant has already waived his rights under the IAD by entering a plea in this matter. *See Commonwealth v. Blackburn,* 414 A.2d 638, 641 (Pa. Super. 1979). This Court agrees. Defendant asserts that the rights afforded through the IAD are not waivable. However, in *Blackburn* our Superior Court stated:

---

[7] 42 Pa.C.S.A. § 9101.

4

The defendant in his pro se brief has raised the issue of whether he was deprived of the effective assistance of trial counsel and appellate counsel, where they failed to file timely pre-trial motions and preserve for appeal the defendant's claim of violation of his rights to speedy trial pursuant to the Interstate Agreement on Detainers Act, Article IV(c), V(c), 19 Pa.Stat.Ann. s 1431 (Purdon). The Commonwealth filed a petition to quash the defendant's pro se brief.

Article IV(c) provides: "In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state . . ." No motion to dismiss was filed at any time pursuant to the Interstate Agreement on Detainers Act. **Therefore, this issue is waived by the defendant.**

*Id.* (emphasis added).

In the instant matter, the Defendant did file a Motion to Dismiss Pursuant to 42 Pa. C.S. § 9101 (Agreement on Detainers) on December 27, 2011. The Commonwealth filed an Answer to the Motion on January 5, 2012. A hearing was scheduled for January 24, 2012. However, on this date the Defendant decided to enter a guilty plea and was sentenced by Judge Herman. Defendant filed a *pro se* Motion for Modification of Sentence on February 8, 2012. Judge Herman denied the Motion on March 28, 2012. Defendant did not appeal and therefore his judgment became final on April 28, 2012. Thus, because the Defendant allowed his judgment to become final after pleading guilty, his IAD claims are waived as they were for the defendant in *Blackburn* who failed to file a motion to dismiss. Consequently, this Court agrees with the Commonwealth that the PCRA's one-year time limit is not unconstitutional for limiting relief for the Defendant for issues he has already waived.

## II.     Jurisdiction

It is an apodictic rule in Pennsylvania that a court lacks jurisdiction to consider and rule on an untimely PCRA Petition. *See Commonwealth v. Monaco*, 992 A.2d 1076 (Pa. Super.

5

2010). Under 42 Pa.C.S. § 9545, any PCRA petition, including second or subsequent petitions, must be filed within one year of the date the defendant's judgment became final. A defendant's judgment becomes final ""at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). A defendant may avoid the one-year time bar to file his PCRA Petition by properly establishing one of the following exceptions under § 9545(c):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Initially, this Court must ascertain if we have proper jurisdiction to consider and rule on the Defendant's PCRA. The Defendant appears to concede that his PCRA Petition was filed after his judgment was final for over a year and thus is untimely pursuant to 42 Pa. C.S. 9545(b). However, the Defendant argues that he entitled to an exception to the one-year time bar pursuant to the statutory after-discovered evidence exception codified in § 9545(b)(ii).

Specifically, Defendant avers that he may invoke the after-discovery exception on the basis that he had a mental incompetency which prevented him from discovering the factual basis for certain claims he would have timely raised on collateral review. *See* Def.'s Notice and Memo. 8/20/15 at 3. Defendant states he suffered from undiagnosed and untreated Graves'

6

Disease and as a result suffered from severe thyrotoxicosis which rendered him mentally incompetent and unable to assert the factual basis for the issue now raised in his PCRA Petition. *Id.* Additionally, pursuant to *Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004), Defendant argues he should be given the opportunity to prove at a hearing that his Graves' disease barred the timely assertion of the facts on which his PCRA is premised. *Id.* Defendant also asks this Court to appoint an expert witness who specializes in Graves' disease or provide him with the funds to obtain one. *Id.* at 4. Finally, Defendant claims that his PCRA Counsel, Attorney Sembach, was ineffective because he failed to properly investigate the Defendant's Graves' disease and its effect on his alleged mental incompetency.

Our Supreme Court has made it clear that it will only excuse an untimely PCRA Petition because of a form of mental illness or incompetence under the statutory after-discovered evidence exception in very limited circumstances. *See Monaco*, 996 A.2d at 1080-1081. This stance is consistent with Pennsylvania case law rejecting equitable tolling exceptions to the PCRA's statutory timeliness requirements. *See Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). In asserting that he is entitled to the limited exception of a mental illness under the statutory after-discovered evidence exception, Defendant relies on *Cruz*. In *Cruz*, the defendant murdered three individuals and then attempted suicide by shooting himself in the head. *Cruz*, 852 A.2d at 288. The Defendant survived and eventually pled *nolo contendere* to three counts of second-degree murder. *Id.* However, the shooting incident caused the defendant significant brain damage so much so that at his plea hearing his counsel stated that the Defendant could not "express emotions and really discuss the facts of this case in any sort of sensible way." *Id.*

On collateral attack, the defendant in *Cruz* claimed that his untimely PCRA Petition fell within the statutory-after discovered evidence exception because his brain damage at the time of

7

the plea hearing and during the proper appeal time period rendered him incompetent. In finding that the exception applied to the defendant, our Supreme Court held that "in light of the language of the exception, the unique nature of claims sounding in incompetence, and this Court's discussion in *Commonwealth v. Haag*, 809 A.2d 271 (Pa.2002), [the defendant] should be afforded an opportunity to attempt to prove that he was incompetent at the relevant times and that that incompetence qualifies under the [newly]-discovered evidence exception to the PCRA time-bar." *Id.* at 297. Ultimately, the defendant in *Cruz* was able to a present psychiatrist who testified that he was unable to understand the events at his plea hearing. The Defendant in the instant matter appears to assert in his Notice and Memorandum that his case is analogous to *Cruz* and he should be afforded a similar opportunity to illustrate how his incompetence prevented him learning the facts necessary to support the claim upon which his PCRA Petition is based.

In response the Commonwealth cites *Monaco* which this Court finds far much analogous to the instant matter than *Cruz*. In *Monaco*, the defendant suffered from Post-Traumatic Stress Disorder (PTSD) and attempted "to invoke an exception to the time restrictions of the PCRA, arguing the fact of his PTSD diagnosis [were] unknown to him and could not have been ascertained by the exercise of due diligence." *Monoaco*, 996 A.2d at 1081. Ultimately, our Supreme Court rejected this argument finding that "the petitioner's claim did not fall within the *Cruz* holding because the petitioner failed to allege his post-traumatic stress disorder 'impaired his mental ability to raise or communicate his claim.'" *Id.* at 1082-1083.

Unlike *Monaco* the Defendant here does actually allege that his Graves' disease impaired his mental ability to raise his claim and learn the facts necessary to support the claim upon which it is based. However, as correctly highlighted by the Commonwealth, the Defendant fails to properly identify what after-discovered evidence his alleged incompetence prevented him from

8

timely raising. In fact, the record is clear that the primary facts upon which the Defendant's current PCRA is based were unequivocally known to him at the time he entered his guilty plea. Specifically, there is little doubt that the Defendant knew about the facts regarding his IAD claim, which makes up the substantive basis of his current PCRA Petition, at the time he entered his guilty plea. After all, the Defendant filed a Motion to Dismiss Pursuant to 42 Pa. C.S. 9101 (Agreement on Detainers) less than a month before he entered his guilty plea. *Cruz* is clearly distinguishable from the instant matter as the facts there make it clear that the defendant's brain damage caused him to be incompetent at the plea hearing and during the applicable timely period to raise his claims on collateral attack. In contrast, there is no question that the Defendant here was cognizant of the facts necessary to support his IAD claim at his plea hearing which is the basis for his instant PCRA petition. Consequently, this Court finds that the after-discovered evidence exception does not apply to the Defendant and his current PCRA Petition is untimely. Furthermore, Attorney Sembach cannot be found to be ineffective for failing to raise the meritless claim the Defendant asserts. *See Commonwealth v. Tilley*, 780 A.2d 649 (Pa. 2001).

## CONCLUSION

Despite Petitioner's claims, this Court's review of the record and survey of the law reveals that his arguments are without merit. The Defendant waived his rights under the IAD by entering a plea in this matter and then allowing his judgment to become final. Furthermore, this Court lacks jurisdiction to consider and rule on the Defendant's PCRA Petition as it is untimely and the Defendant has failed to show that he is entitled to any of the exceptions under § 9545(c).[8] Therefore, the Court respectfully requests the appeal be dismissed, and the Superior Court affirm our prior Order denying relief under the PCRA.

---

[8] The Court would also note that even if we were to address the substance of Defendant's IAD claim we would find it meritless for the reasons articulated in the Commonwealth's Answer to the Defendant's Motion to Dismiss Pursuant to 42 Pa. C.S.A. § 9101 (Agreement on Detainers) and Motion for Bail Reduction filed on January 5, 2012.

9

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

Commonwealth of Pennsylvania,　　　：　　　CRIMINAL ACTION

　　　　　　　：

　　　　vs.　　　　　　　　　：　　　No: 1614-2011

　　　　　　　：

Lenne LaRue, III,　　　　　　：

　　　　　　Defendant　　　　：　　　Honorable Carol L. Van Horn

## ORDER OF COURT

AND NOW THIS _15_<sup>th</sup> DAY OF January, 2016, pursuant to Pa. R.A.P. 1931(c),

IT IS HEREBY ORDERED THAT the Clerk of Courts of Franklin County shall promptly transmit to the Prothonotary of the Superior Court the record in this matter along with the attached Opinion *sur* Pa. R.A.P. 1925(a).

*Pursuant to Pa. R. Crim. P. 114, the Clerk of Courts shall immediately docket this Opinion and Order of Court and record in the docket the date it was made. The Clerk shall forthwith furnish a copy of the Opinion and Order of Court, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.*

By the Court,

*Carol L. Van Horn*
Carol L. Van Horn, P.J.

copies:
Zachary Mills., Esq., Assistant District Attorney
Lenne Larue, III, Esq., Defendant

10